UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MICHAEL ROBINSON,<br><br>                Plaintiff,<br>   v.<br><br>JIM JR.,<br>TAMMY TOUT,<br>ERIC PIECZYNSKI,<br><br>                Defendants. | **REPORT<br>and<br>RECOMMENDATION**<br><br>23-CV-347JLS(F) |

_____

APPEARANCES:    MICHAEL ROBINSON, *Pro Se*
57 A Glenwood Court
Cheektowaga, New York  14225

GOLDBERG SEGALLA LLP
Attorneys for Defendants
CHRISTOPHER P. MAUGANS, of Counsel
665 Main Street
Buffalo, New York  14203

## JURISDICTION

This case was referred to the undersigned by Hon. John L. Sinatra, Sr., on August 16, 2024, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  (Dkt. 10).  The matter is presently before the court on Defendants' motion to dismiss (Dkt. 8) filed August 16, 2024.

## BACKGROUND

On April 17, 2024, Plaintiff, an African-American, commenced this action against Jim Jr., Tammy Tout, and Eric Pieczynski (together "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e-17 ("Title VII").  Plaintiff

alleges he was terminated by Defendant Tout on May 5, 2022 on account of Plaintiff's race.  Defendants filed their motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on August 16, 2024 (Dkt. 8) together with Declaration Of Christopher Maugans, [Esq.][1] (Dkt. 8-1) ("Maugans Declaration") and Defendants' Memorandum Of Law In Support Of Motion To Dismiss Complaint (Dkt. 8-2) ("Defendants' motion") asserting Title VII precludes individual liability, Maugans Declaration (Dkt. 8-1) ¶ 6, that Plaintiff failed to exhaust Plaintiff's administrative remedies, and, as a result, the court lacks subject matter jurisdiction.  Maugans Declaration (Dkt. 8-1) ¶ 7.  Defendants request Plaintiff's Complaint be dismissed with prejudice.  Dkt. 8 at 1.  On September 16, 2024, Plaintiff filed a response to Defendants' motion (Dkt. 12) ("Plaintiff Response").  On October 4, 2024, Defendants filed Defendants' Reply Memorandum of Law In Further Support of Its[*sic*] Motion To Dismiss (Dkt. 13) ("Defendants' Reply").  Oral argument was deemed unnecessary.  For the following reasons Defendants' motion should be GRANTED with prejudice.

**FACTS**[2]

Plaintiff alleges that he was hired by Robert-James Sales, Inc. on September 15, 2020, as an order picker at Robert-James's warehouse operation.  Defendant Jim, Jr. is Robert-James's owner and president, Defendant Tammy Tout is the company's Human Resources Manager and Defendant Eric Pieczynski is the warehouse manager.  On or about April 27, 2022, Plaintiff became engaged in a verbal altercation with a co-

---

[1]  Unless indicated otherwise all bracketed material is added.
[2]  Taken from the pleadings and papers filed in this action.

employee named George LNU.³  As a result, Defendants Jim, Jr. and Tout terminated Plaintiff on either May 3 or 5, 2022.  *See* Dkt. 1 at 10 (Plaintiff was terminated on May 3, 2022); Dkt. 1 ¶ 19 (Plaintiff was terminated on May 5, 2022).  George LNU was allowed to remain at work; Plaintiff was sent home.  Plaintiff's Right to Sue Letter was issued on January 18, 2023 by the local Equal Employment Opportunity Commission office ("EEOC") and states Plaintiff's Amended Charge of Discrimination was filed by Plaintiff on June 17, 2022 and listed only Plaintiff's employer, Robert-James Sales, Inc., as a Respondent.  Dkt. 1 at 8.  No Defendant was named as a Respondent.  In Plaintiff's statement in support of the Plaintiff's EEOC charge, Plaintiff denies Plaintiff missed too many days of work as Defendants asserted in Plaintiff's termination letter as Plaintiff had sick and vacation time which could have been used to cover any time Plaintiff was unable to work because of illness for which Plaintiff had physician's notes.  *See* Dkt. 1 at ¶ 22.  The race of George LNU is not provided by Plaintiff in either Plaintiff's Complaint, *see* Dkt. 1 ¶ 19, or in the EEOC Charge.  *See* Dkt. 1 at 8.

**DISCUSSION**

(1)     Motion to Dismiss.

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting longstanding precedent of *Conley v. Gibson,* 355 U.S. 41, 45-46

---

³  Although in the EEOC Charge (Dkt. 1 at 8) Plaintiff asserts co-worker George's last name is unknown to Plaintiff, in response to Respondent Robert-James's Statement in response to the EEOC Charge, Plaintiff states that George's last name is Belle.  *See* Dkt. 1 at 11 (3d paragraph).

(1957)). In considering a motion to dismiss pursuant to Rule 12(b)(6), the Supreme Court requires application of "a 'plausibility standard ....'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Twombly*, 550 U.S. at 570, and quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's nonconclusory allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A legally deficient claim is not a plausible one.  *See New Majority Holdings, LLC v. Ghaida,* 2012 WL 4741950, at *5 (S.D.N.Y. Oct. 3, 2012) (denying plaintiff's motion to amend because "it is apparent that the proposed new claims are legally deficient – that is, they are not 'plausible' on their face." (citing *Iqbal*, 556 U.S. at 678)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility of "entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557)

"[A] Rule 12(b)(6) motion is addressed to the face of the pleading." *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Further, applying the standard for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) "is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *In re Amaranth Natural Gas Commodities Litigation*, 730 F.3d 170, 80 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

In support of dismissal, Defendants contend that (1) Title VII does not impose liability on individuals, *see* Defendants' Memorandum of Law (Dkt. 8-2) at 4-5, and (2) that Plaintiff's failure to name Defendants in Plaintiff's EEOC charge constitutes a failure to exhaust Plaintiff's administrative remedies thereby precluding this court from

5

exercising subject matter jurisdiction over the Complaint.  See Defendants' Memorandum of Law (Dkt. 8-2) at 5-7.

It is well-established that Title VII does not authorize individual liability particularly against a plaintiff's supervisors and co-workers.  See *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) (dismissing for failure to state a claim pursuant to Rule 12(b)(6) Title VII claims asserted against the plaintiff's former supervisors but not against the defendant employer because "Title VII 'does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers.'" (quoting *Raspardo v. Carlone,* 770 F.3d 97, 113 (2d Cir.2014)); *Popat v. Levy*, 253 F.Supp.3d 527, 535 (W.D.N.Y. 2017) (citing *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals . . ..").  Plaintiff's response does not address Defendants' contentions.  See Plaintiff's Response (Dkt. 1) at 19.

In Defendants' Reply, Defendants further argue Plaintiff's failure to address Defendants' contention pertaining to such judicial precedent that Title VII does not impose liability on individuals constitutes an abandonment of Plaintiff's claim against Defendants.  See Defendants' Reply (Dkt. 13) at 2 (citing caselaw).  The court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."  *Kabrovski v. City of Rochester, New York,* 149 F.Supp.3d 413, 422 (W.D.N.Y. 2015) (citation omitted).  Thus, when a defendant's motion to dismiss raises arguments that a plaintiff fails to address, plaintiff is "deemed to have conceded the point."  *Id.*  Accordingly, Defendants' motion on this ground should be GRANTED.

2. <u>Plaintiff's Failure to Exhaust Administrative Remedies</u>.

As noted, *see* Background, *supra,* at 2, Defendants also submit that by failing to name Defendants as Respondents in Plaintiff's EEOC Charge, Plaintiff has failed to exhaust his administrative remedies thereby depriving the court of subject matter jurisdiction and requiring dismissal of Plaintiff's Title VII claim. *See* (Dkt. 802) at 5-7 (citing caselaw). However, in *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) ("*Fowlkes*"), the Second Circuit held that a plaintiff's failure to exhaust plaintiff's administrative remedies by filing a charge pursuant to 42 U.S.C. § 2000e5(e) and (f), "which applies to *pro se* and counseled litigants alike," *Pikulin v. City University of New York,* 176 F.3d 598, 599-600 (2d Cir. 1999) (*per curiam*), does not create a jurisdictional bar to a Title VII claim. *See id.* (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)). As the Second Circuit in *Fowlkes* stated:

> Occasionally, passing descriptions of the exhaustion requirement as "jurisdictional" can be found in our Circuit's jurisprudence. *See, e.g., Fitzgerald v. Henderson,* 251 F.3d 345, 359 (2d Cir.2001) ("If a [Title VII] claimant has failed to pursue a given claim in administrative proceedings, the federal court generally lacks jurisdiction to adjudicate that claim."); *Shah v. N.Y.S. Dep't of Civil Serv.,* 168 F.3d 610, 613 (2d Cir.1999) ("The federal courts generally have no jurisdiction to hear claims not alleged in an employee's EEOC charge."). But "when our decisions have turned on the question ... whether proper administrative exhaustion [of a Title VII claim] is a jurisdictional prerequisite ... to bringing suit," we have "consistently" held that it is not. *Francis* [*v. City of New York*, 235 F.3d 763 (2d Cir. 2000)]*,* 235 F.3d at 768. We therefore take this opportunity to underscore that the failure of a Title VII plaintiff to exhaust administrative remedies raises <u>no</u> jurisdictional bar to the claim proceeding in federal court.

*Id*., 790 F.3d 378, 385 (2d Cir. 2015) (underlining added).

*See also Francis*, 235 F.3d at 768 (proper administrative exhaustion under Title VII is a waivable condition precedent to bringing suit rather than a jurisdictional requirement); *Ayala v. U.S. Postal Service*, 2017 WL 1234028, at *4-5 (S.D.N.Y. Mar. 31, 2017)

7

(plaintiff's failure to name her labor union in EEOC administrative charge not jurisdictional bar to plaintiff's Title VII suit (citing *Fowlkes*)).  While in the Second Circuit, courts apply an exception to the general rule that a defendant must be named to the EEOC complaint or charge, *see Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (applying an "identity of interest" test based on four factors), given that Plaintiff has only sued individual Defendants, and as such, requires dismissal on this ground, *see* Discussion, *supra,* at 6, it is irrelevant whether Plaintiff's failure to exhaust is excusable by application of the identity of interest exception.  Specifically, even if the court were to find that Plaintiff had exhausted his administrative remedies by application of the identity of interest exception, the fact that Plaintiff had sued Defendants as individuals would nevertheless require dismissal of Plaintiff's Title VII claim.  Therefore, the court does not undertake to analyze whether, on this record, Plaintiff's failure to exhaust is within the identity of interest exception.

3.    <u>Dismissal With Prejudice – Statute of Limitations</u>.

Although dismissal of a *pro se* plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Nor is a denial of leave to amend abusive where the papers, as here, *see* Plaintiff's Response (Dkt. 12), filed in opposition to dismissal provide "no clue as to how the complaint's deficiencies would be cured." *Noto v. 22nd Century Group, Inc.*, 35 F.4th 95, 107 (2d Cir. 2022).

In the instant case, the problem with Plaintiff's claims, as pleaded, is not substantive but, rather, a matter of procedure insofar as Plaintiff has named only individuals rather than Plaintiff's employer as Defendants.  Nevertheless, Plaintiff's Title VII claims are now time-barred as more than 90 days have elapsed since receiving the EEOC's right-to-sue letter.  42 U.S.C. §  2000e-5(f)(1) ("§ 2000e-5(f)(1)").  Although the instant action was timely commenced, "the timely filing of a complaint does not suspend the limitations period."  *Copeland v. Rosen*, 25 Fed.Appx. 17, 19 (2d Cir. 2001).  Rather, a Title VII plaintiff is time-barred from refiling an action following a dismissal without prejudice where the 90-day period to sue required by § 2000e-5(f)(1) has passed.  *Id.* at 19-20.  Further, although Defendants do not argue that any attempt by Plaintiff to refile this action against the employer would be futile because such action would be time-barred, and "although the statute of limitations is ordinarily 'an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver,' district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."  *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *John R. Sand & Gavel Co. v. United States*, 552 U.S. 130, 133 (2008)).  *See Ocasio v. Fashion Inst. of Tech.*, 86 F.Supp. 2d 371, 377 (S.D.N.Y. 2000) (holding the court must grant the defendant's motion to dismiss Title VII claims as time-barred where the dismissal of the plaintiff's first federal action occurred after the 90-day statute of limitations governing his Title VII claim had run and the plaintiff proffered no reason to equitably toll the statute of limitations), *aff'd*, 9 Fed.Appx. 66 (2d Cir. 2001).  Moreover, Plaintiff's *pro se* status

does not preclude the district court's dismissal with prejudice where leave to replead would be futile. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (where leave to replead would be futile dismissal of *pro se* complaint may be with prejudice and without leave to file an amended complaint).

Here, Plaintiff alleges he received the EEOC's right to sue letter on January 18, 2023, Complaint ¶ 12, a date from which well more than 90 days have passed such that any refiling of this action would be untimely. Accordingly, it is further recommended that the dismissal of Plaintiff's claims be with prejudice and without leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (it may be appropriate to dismiss claims without leave to amend where "granting leave to amend is unlikely to be productive").

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 8) should be GRANTED with prejudice and without leave to replead. The Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 24, 2024
       Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and attorney for Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 24, 2024
         Buffalo, New York